UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERRERA, | No. 2:16-cv-0938 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| CANDIA, et al., | |
| Defendants. | |

    By an order filed May 25, 2016, plaintiff was granted ninety days in which to submit an application to proceed in forma pauperis or the required filing fees of $400.00, or, in the alternative, to request voluntary dismissal of this action. (ECF No. 6 at 4.) On June 16, 2016, plaintiff filed a response to the order, stating that he sent the in forma pauperis form to the inmate trust account office, but has not yet heard from them. (ECF No. 11.) Plaintiff asked whether the court's order gives plaintiff time on his in forma pauperis form. (ECF No. 11 at 2.)

    As noted above, the May 25, 2016 order granted plaintiff an extension of time in which to submit his application to proceed in forma pauperis. Plaintiff is cautioned that in addition to the completed in forma pauperis application, which must be certified by prison officials, plaintiff must also provide a certified copy of his prison trust account statement for the last six months. Failure to timely comply with the May 25, 2016 order will result in a recommendation that this action be dismissed. If plaintiff is having difficulty obtaining the necessary forms from the

inmate trust account office, he should file a grievance or seek other assistance from prison officials in order to meet this court's deadline.

In addition, on June 2, 2016, plaintiff filed an affidavit asking the court to change two of the defendants' names. (ECF No. 7.) Plaintiff is advised that he may amend his complaint once as a matter of right. Fed. R. Civ. P. 15. However, the complaint must be complete in itself; in other words, if plaintiff wishes to change the names of the defendants, he must file an amended complaint in which all of his allegations are included and the proper individuals are named as defendants. Plaintiff is reminded that he must exhaust his administrative remedies as to all claims prior to raising such claims in federal court. (ECF No. 6 at 2.) In addition, prison regulations require inmates to include the name of the individual correctional or nursing staff against whom the inmate complains.[1] Accordingly, IT IS HEREBY ORDERED that plaintiff must respond to the court's May 25, 2016 order within ninety days from May 25, 2016, or risk dismissal of this action.

Dated: June 28, 2016

/herr0938.inf

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now, inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).