1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARMANDO HERRERA,                           No.  2:16-cv-0938 GEB KJN P

12                    Plaintiff,

13           v.                                   ORDER

14    CANDIA, et al.,

15                    Defendants.

16

17          Plaintiff is a prison inmate, proceeding pro se and in forma pauperis, with a civil rights

18    action.  Plaintiff has now twice renewed his motion for appointment of counsel.  (ECF Nos. 18,

19    25.) Plaintiff's first request was denied on July 11, 2016.

20          The undersigned has not yet screened the complaint because plaintiff has failed to file a

21    complete in forma pauperis application or pay the required filing fee.  After being granted

22    multiple extensions of time in which to submit his signed and completed application to proceed in

23    forma pauperis, plaintiff was informed of the court's new procedure to obtain the required

24    financial information from the prison, and provided the revised application form, and additional

25    time to submit the signed revised application on or before September 30, 2016.  (ECF No. 22.)

26          District courts lack authority to require counsel to represent indigent prisoners in section

27    1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

28    circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

1

1  U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

2  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

3  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

4  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

5  legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

6  abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

7  circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

8  legal education and limited law library access, do not establish exceptional circumstances that

9  warrant a request for voluntary assistance of counsel.

10      At this stage of the proceedings, the court is unable to determine plaintiff's likelihood of

11  success on the merits.

12      Having considered the factors under Palmer, the court finds that plaintiff has failed to

13  meet his burden of demonstrating exceptional circumstances warranting the appointment of

14  counsel at this time.  Moreover, this action cannot proceed until plaintiff either files the

15  completed application to proceed in forma pauperis or pays the filing fee.  As warned in the

16  court's prior orders, plaintiff is cautioned that failure to submit the signed application to proceed

17  in forma pauperis on or before September 30, 2016, will result in a recommendation that this

18  action be dismissed.

19      In light of those orders, IT IS HEREBY ORDERED that plaintiff's motions (ECF Nos.

20  18, 25) are denied without prejudice.

21  Dated:  September 6, 2016

22

23  /herr0938.31sec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28